Fred E. **WILSON**, Plaintiff-Appellant,

v.

Merritt S. **DIETZ**, Jr., Commissioner, Department of Economic Security, Division of Public Assistance, Commonwealth of Kentucky, Defendant-Appellee.

No. 71–1144.

United States Court of Appeals,
Sixth Circuit.

Feb. 24, 1972.

Martin R. Glenn, Louisville, Ky., for appellant; Robert L. Bertram, Jamestown, Ky., John G. O'Mara, Legal Aid Society, Louisville, Ky., on brief.

Paul R. Tierney, Frankfort, Ky., for appellee; James G. Childers, Harlan E. Judd, Jr., Frankfort, Ky., on brief.

Before EDWARDS, PECK and BROOKS,* Circuit Judges.

EDWARDS, Circuit Judge.

Appellant in this class action case appeals from portions of an order entered after hearing before the United States District Court for the Western District of Kentucky. Responding to appellant's complaint seeking injunctive relief from certain actions of the Kentucky Department of Economic Security, the District Judge, interpreting Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), ordered defendant-appellee to restore appellant and all others similarly situated to the Aid to Families with Dependent Children (AFDC) rolls until such time as a pretermination hearing had been held. The District Judge also ordered that retroactive payments be made to appellant and others similarly situated and that such payments be continued as to all who had objected to termination "in writing or otherwise" until the hearings had been held. Appellee has now complied with the terms of the District Court order. Appellant has been restored to the rolls,

* Honorable Henry L. Brooks died on December 30, 1971.

paid back benefits, granted a hearing, and, subsequent thereto, terminated.

Appellant's complaints in this court, however, are with the class action aspects of this case. Appellant says that *Goldberg, supra,* properly interpreted, requires the state to give a hearing in every instance prior to termination and not, as the District Judge's order required, merely send notice of termination setting forth the reason for termination and notifying the party if he objects that he has an opportunity for a hearing before termination of benefits.

Appellant also contends that *Goldberg, supra,* requires that AFDC recipients be kept on the rolls not only until there has been an evidentiary hearing, but also until through the appellate process "the termination decision becomes final and unappealable." Appellant's brief leaves no doubt that the appellate process referred to would encompass all available administrative and judicial appeals.

Appellant phrases the only issues raised on this appeal in these words:

"1. Whether there must be a fair evidentiary hearing before a welfare recipient's benefits can be terminated.

"2. Whether there must be a final and unappealable decision, based upon a fair evidentiary hearing, before a welfare recipient's benefits can be terminated."

■■ We have read Goldberg v. Kelly, *supra,* with care and can find no such requirement as these contained therein. The very first sentence in Mr. Justice Brennan's opinion argues the contrary of both of appellant's propositions:

"The question for decision is whether a State that terminates public assistance payments to a particular recipient *without affording him the opportunity for an evidentiary hearing prior to termination* denies the recipient procedural due process in violation of the Due Process Clause of the Fourteenth Amendment." Goldberg v. Kelly, *supra,* at 255, 90 S.Ct. at 1014. (Emphasis added.)

We have no doubt that if the Court had meant what appellant contends, the words "the opportunity for" [1] would have been deleted in the emphasized material, and after the word "hearing" there would have been added words like "and final appeal therefrom."

Lest it be suggested that this pins too much reliance upon an introductory sentence, we point out that there is much more in the *Goldberg* opinion bearing on both contentions:

"As the District Court correctly concluded, '[t]he stakes are simply too high for the welfare recipient, and the possibility for honest error or irritable misjudgment too great, to allow termination of aid without giving the recipient a chance, if he so desires, to be fully informed of the case against him so that he may contest its basis and produce evidence in rebuttal.' 294 F.Supp. [893], at 904–905.

❊　　❊　　❊　　❊　　❊　　❊

"Accordingly, the pre-termination hearing has one function only: to produce an initial determination of the validity of the welfare department's grounds for discontinuance of payments in order to protect a recipient against an erroneous termination of his benefits. Cf. Sniadach v. Family Finance Corp., 395 U.S. 337, 343, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969) (Harlan, J., concurring). Thus, a complete record and a comprehensive opinion, which would serve primarily to facilitate judicial review and to guide future decisions, need not be provided at the pre-termination stage. We recognize, too, that both welfare authorities and recipients have an interest in relatively speedy resolution of questions of eligibility,

---

1. It should be noted that both statutes which provide for the benefits which are the subject of this case require that the state "provide . . . an opportunity for a fair hearing before the state agency to any individual whose claim for aid . . . is denied." 42 U.S.C. §§ 602 (a) (4) and 1352(a) (4) (1970).

that they are used to dealing with one another informally, and that some welfare departments have very burdensome caseloads. These considerations justify the limitation of the pre-termination hearing to minimum procedural safeguards, adapted to the particular characteristics of welfare recipients, and to the limited nature of the controversies to be resolved. We wish to add that we, no less than the dissenters, recognize the importance of not imposing upon the States or the Federal Government in this developing field of law any procedural requirements beyond those demanded by rudimentary due process.

" ' The fundamental requisite of due process of law is the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914)." Goldberg v. Kelly, *supra* at 266–267, 90 S.Ct. at 1020.

We note that the paragraph above does not appear to invite the interpretations which appellant seeks in this case.

We recognize, of course that the questions posed by appellant in this appeal were not at issue before the Supreme Court in *Goldberg*. But it seems to us that the materials quoted (and for that matter the whole of the opinion) tend to rebut rather than to support appellant's contentions that due process requires more than "the opportunity for an evidentiary hearing prior to termination," or that it requires a longer period of maintenance of payments than the time reasonably needed to hold a fair hearing and to decide the contested issues there considered.

We have read with interest the opinion in Mott v. Betit, Civil No. 6100 (D. Vt., filed Jan. 7, 1971), upon which appellant relies. Of course, it is not binding upon this court, and for reasons we have outlined above, we are not persuaded by it.

The judgment of the District Court is affirmed.