**Elizabeth ROGERS, Individually and on behalf of all other persons similarly situated, Plaintiff-Appellant,**

**v.**

**Merritt S. DEITZ, Jr., Commissioner, Department of Economic Security, Commonwealth of Kentucky, Defendant-Appellee.**

**No. 71–1947.**

United States Court of Appeals, Sixth Circuit.

March 17, 1972.

Martin R. Glenn, Legal Aid Society of Louisville, Louisville, Ky., for plaintiff-appellant; Dennis E. Bricking, Legal Aid Society of Louisville, Louisville, Ky., on brief.

Paul E. Tierney, Frankfort, Ky., for defendant-appellee; James G. Childers, Frankfort, Ky., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and KINNEARY *, District Judge.

PER CURIAM.

Appellant, a married woman, living with her husband, is crippled and blind; she had been receiving an allotment of $133 per month under the Aid to the Blind Program. She became pregnant and her doctor advised her to remain in bed for the duration of her pregnancy. On recommendation of her social worker, she was allowed an additional $40 per month to defray the cost of a nurse.

---

* The Honorable Joseph P. Kinneary, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

Some time after the birth of her child, her social worker visited her home and found that she no longer had the nurse and that she was not confined to her bed. She was notified in writing by the Public Assistance Office that the $40-allotment for the nurse would have to be discontinued; that if she was dissatisfied with the proposed action she would have opportunity to confer with her social worker or with another social worker at the Public Assistance Office at any time within seven days from the date of the notice. The $133-allotment per month was not changed, and she has been receiving that amount. She did not request a conference with the Public Assistance Office and did not ask for a hearing.

Instead, she filed a class action in the District Court seeking to have convened a three-Judge Court to rule upon the validity of certain provisions of the Kentucky Public Assistance Manual of Operations, for declaratory judgment, and an injunction. The District Court granted defendant's motion to dismiss, and plaintiff has appealed. She relies on Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), which we think is inapposite.

In our opinion there was no ground for filing a class action, nor for convening a three-Judge Court.

Plaintiff contends that she is in need of funds for the support of her child. If this is true, she has a remedy. She may apply for an allotment under the Aid to Dependent Children Program.

Plaintiff further contends that the defendant had no right to reduce her allotment without a hearing. The fact is that her allotment of $133 per month has not been reduced. She no longer needs the services of a nurse, so there was no ground for continuing the $40-allotment per month for that specific purpose made under the Aid to the Blind Program. Whatever needs are required for her child can be met under the Aid to Dependent Children Program.

The procedures followed in this case comport with our decision in Wilson v. Deitz, 456 F.2d 314 (6th Cir. 1972).

The judgment of the District Court will be affirmed without allowance of costs to either party.